UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br><br> v. <br><br> ORACLE CORPORATION, <br><br> Defendant. | Case No. 7:25-cv-00368 <br><br> **JURY TRIAL DEMANDED** |

COMPLAINT FOR PATENT INFRINGEMENT AGAINST
ORACLE CORPORATION

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff VirtaMove Corp. ("Plaintiff" or "VirtaMove") makes the following allegations against Defendant Oracle Corporation. ("Defendant" or "Oracle"):

INTRODUCTION AND PARTIES

1. This complaint arises from Defendant's unlawful infringement of United States Patent No. 7,774,762 (the "'762 patent" or "Asserted Patent") owned by VirtaMove, which generally relates to novel containerization systems and methods. VirtaMove owns all right, title, and interest in the Asserted Patent to file this case.

2. VirtaMove, Corp. is a is a corporation organized and existing under the laws of Canada, having its place of business at 110 Didsbury Road, M083, Ottawa, Ontario K2T 0C2. VirtaMove is formerly known as Appzero Software Corp. ("Appzero"), which was established in 2010.

3. VirtaMove is an innovator and pioneer in containerization. At a high level, a container is a portable computing environment. It can hold everything an application needs to run

1

to move it from development to testing to production smoothly. Containerization lowers software and operational costs, using far fewer resources. It provides greater scalability (for example, compared to virtual machines). It provides a lightweight and fast infrastructure to run updates and make changes. It also encapsulates the entire code with its dependencies, libraries, and configuration files, effectively removing errors that can result from traditional configurations.

4. For years, VirtaMove has helped customers repackage, migrate and refactor thousands of important, custom, and packaged Windows Server, Unix Sun Solaris, & Linux applications to modern, secure operating systems, without recoding. VirtaMove's mission is to move and modernize the world's server applications to make organizations more successful and secure. VirtaMove has helped companies from many industries achieve modernization success.

5. The use of containerization has been growing rapidly. For instance, one source predicted the application containers market to reach $2.1 billion in 2019 and $4.3 billion in 2022—a compound annual growth rate ("CAGR") of 30%. *See, e.g.*, https://digiworld.news/news/56020/application-containers-market-to-reach-43-billion-by-2022. Another source reported the application containers market had a market size of $5.45 billion in 2024 and estimated it to reach $19.41 billion in 2029—a CAGR of 28.89%. *See, e.g.*, https://www.mordorintelligence.com/industry-reports/application-container-market.

6. On information and belief, Oracle is a Delaware corporation with a principal place of business at 2300 Oracle Way, Austin, Texas 78741. Oracle may be served with process through its registered agent, the Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

**JURISDICTION AND VENUE**

7. This action arises under the patent laws of the United States, Title 35 of the United

States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.   This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the asserted patent.

9.   Venue is proper in this District because Defendant resides in this District, has a regular and established place of business in this District, and has committed acts of infringement within this District.

## INFRINGEMENT OF U.S. PATENT NO. 7,774,762

10.   VirtaMove realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

11.   VirtaMove owns all rights, title, and interest in U.S. Patent No. 7,774,762 ('762 patent), titled "System Including Run-Time Software to Enable a Software Application to Execute on an Incompatible Computer Platform," issued on August 10, 2010.  A true and correct copy of the '762 patent is attached as **Exhibit 1.**

12.   The technology in the '762 patent was not routine or conventional.  Independent business intelligence provider Gartner reported that AppZero had no direct technological competitors in "Cool Vendors in Cloud Computing" in April 2009. AppZero's software and services, unlike its competitors' conventional offerings, allowed its customers to deploy the

3

technology described in the '762 patent.



13.    Additionally, the USPTO examined the patented technology and concluded that the prior art did not disclose or render obvious the claims of the '762 patent.  Thus, the claims were not found anywhere in the prior art of record, alone or in combination, and cannot be described as "routine" or "conventional."

14.    The technology claimed is not directed to an abstract idea. Rather, it is directed to a technological improvement in computer technology, and it provides a technological solution to a fundamentally technological problem. Indeed, the problem of enabling a first software application, which is designed for execution on a first computer platform having a first operating system, to be executed on an incompatible computer platform having a second incompatible operating system is inherently rooted in computer technology with no non-technological analog,

nor can the solution be performed solely within the human mind. In part, "an object of this invention to provide a system whereby one or more software applications can be run or executed on an incompatible computer platform which heretofore, the applications could not be run on." Ex. 1 at 1:51–54. This "allows a single application that was only executable on a specific computer platform to now be used by a plurality of different computer platforms" and "[s]pecial software applications need not be written, taking weeks, months or years to create and deploy; now in accordance with this invention, by providing linkages to libraries and applications, and providing a secure capsule run time environment, software applications can be run on systems where they could not before." *Id.* at 1:54–64.

15. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), such as, e.g., Oracle Cloud Infrastructure ("OCI") and Oracle Kubernetes Engine ("OKE"), Oracle Cloud Native Environment ("OCNE"), Oracle Cloud Infrastructure Container Registry, and all versions and variations thereof since the issuance of the asserted patent, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '762 patent.

16. The infringement of the Asserted Patent is also attributable to Defendant. Defendant and/or users of the Accused Products directs and controls use of the Accused Products to perform acts that result in infringement the Asserted Patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

17. Defendant also knowingly and intentionally induces infringement of claims of the '762 patent in violation of 35 U.S.C. § 271(b). Defendant has had knowledge of the '762 patent and the infringing nature of the Accused Products at least as early as when this Complaint was filed and/or earlier. Despite this knowledge of the '762 patent, Defendant continues to actively

encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '762 patent. Defendant does so, knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '762 patent, thereby specifically intending for and inducing its customers to infringe the '762 patent through the customers' normal and customary use of the Accused Products.

18. Defendant has also infringed, and continue to infringe, claims of the '762 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Products, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention. Defendant knows the components in the Accused Products to be especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Defendant has been, and currently are, contributorily infringing the '762 patent, in violation of 35 U.S.C. § 271(c).

19. The Accused Products satisfy all claim limitations of claims of the '762 patent. A claim chart comparing an independent claim of the '762 patent to a representative Accused Product, is attached as **Exhibit 2**, which is hereby incorporated by reference in its entirety.

20. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured VirtaMove and is liable for infringement of the '762 patent pursuant to 35 U.S.C. § 271.

21. As a result of Defendant's infringement of the '762 patent, VirtaMove is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no

event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court. VirtaMove is entitled to past damages under 35 U.S.C. § 287. VirtaMove has complied with the requirements of 35 U.S.C. § 287 because it is asserting only method claims of the '762 patent in this case.

## **PRAYER FOR RELIEF**

WHEREFORE, VirtaMove respectfully requests that this Court enter:

a. A judgment in favor of VirtaMove that Defendant has infringed, either literally and/or under the doctrine of equivalents, the Asserted Patent;

b. A judgment in favor of Plaintiff that Defendant has willfully infringed the '762 patent;

c. A permanent injunction prohibiting Defendant from further acts of infringement of the '762 patent;

d. A judgment and order requiring Defendant to pay VirtaMove its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the Asserted Patent;

e. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to VirtaMove, including without limitation, pre-judgment and post-judgment interest;

f. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to VirtaMove its reasonable attorneys' fees against Defendant; and

g. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## **DEMAND FOR JURY TRIAL**

VirtaMove, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: August 27, 2025

Respectfully submitted,

*/s/ Reza Mirzaie*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
Jacob R. Buczko (CA SBN 269408)
jbuczko@raklaw.com
James S. Tsuei (CA SBN 285530)
jtsuei@raklaw.com
James A. Milkey (CA SBN 281283)
jmilkey@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
Daniel Kolko (CA SBN 341680)
dkolko@raklaw.com
Mackenzie Paladino (NY SBN 6039366)
mpaladino@raklaw.com
Jefferson Cummings (DC SBN 90027452)
jcummings@raklaw.com
Linjun Xu (CA SBN 307667)
lxu@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

Qi (Peter) Tong (TX SBN 24119042)
ptong@raklaw.com
**RUSS AUGUST & KABAT**
8080 N. Central Expy., Suite 1503
Dallas, TX 75206
Telephone: (310) 826-7474

*Attorneys for Plaintiff VirtaMove, Corp.*

Case 7:25-cv-00368-ADA     Document 1     Filed 08/27/25     Page 9 of 9